UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>      v.                                                   )<br>)<br>2. JOSE TORRES,                               )<br>   a/k/a "Goldy," a/k/a "Goldy Tech,"  )<br>            Defendant.                         ) | Criminal No.: 23-10127-LTS |

## UNITED STATES' MOTION FOR PRELIMINARY ORDER OF FORFEITURE

The United States of America, by its attorney, Joshua S. Levy, Acting United States Attorney for the District of Massachusetts, respectfully moves this Court for the issuance of a Preliminary Order of Forfeiture in the above-captioned case pursuant to 18 U.S.C § 981(a)(1)(C) and 28 U.S.C. § 2461(c) and Rule 32.2(b) of the Federal Rules of Criminal Procedure. A proposed Preliminary Order of Forfeiture is submitted herewith. In support thereof, the United States sets forth the following:

1. On May 3, 2023, a federal grand jury sitting in the District of Massachusetts returned a thirteen-count Indictment charging Jose Torres, a/k/a "Goldy," a/k/a "Goldy Tech," (the "Defendant"), and others, with Conspiracy to Transport Stolen Goods Valued Over $5,000 in Interstate or Foreign Commerce, in violation of 18 U.S.C. § 371 (Count One); Interstate Transportation of Stolen Goods Valued Over $5,000; Aiding and Abetting, in violation of 18 U.S.C. §§ 2314 and 2 (Count Six); and Money Laundering Conspiracy, in violation of 18 U.S.C. § 1956(h) (Count Seven).[1]

2. The Indictment included a Forfeiture Allegation, which provided notice that the United States intended to seek forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C.

---

[1] The Defendant was not charged in Counts Two through Five or Counts Eight through Thirteen of the Indictment.

§ 2461(c), and upon conviction of the Defendant of the offenses alleged in Counts One and Six of the Indictment, of any property, real or personal, which constitutes or is derived from proceeds traceable to the commission of the offenses. The property to be forfeited from the Defendant included, but was not limited to, the following asset:[2]

    a.    one Honda Civic race car belonging to Jose Torres.

    3.    The Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, it is the intention of the United States, pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(p), to seek forfeiture of any other property of the Defendant, up to the value of such property.

    4.    On May 17, 2023, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One, Six, and Seven of the Indictment, pursuant to a written plea agreement that he signed on May 9, 2023. *See* Docket No. 48.

    5.    In Section 6 of the written plea agreement, the Defendant understood that the Court will, upon acceptance of the Defendant's guilty plea, enter an order of forfeiture as part of the Defendant's sentence, and that the order of forfeiture may include assets directly traceable to the Defendant's offense, assets used to facilitate the Defendant's offense, substitute assets and/or

---

[2] Several additional properties were named as forfeitable in the Forfeiture Allegation; however, those properties are associated with a co-defendant in this case, and the United States does not seek to forfeit them from the Defendant in this action.

a money judgment equal to the value of the property derived from, or otherwise involved in, the offense.  *Id*. at 5.

      6.      Pursuant to the terms of the written plea agreement, the asset to be forfeited specifically included, without limitation, the following:

      a.      a Honda Civic race-car known as "Goldy Tech," seized from 87 Oak Street, Springfield, MA (the "Vehicle").

*Id*.

      7.      The Defendant admitted that the Vehicle is subject to forfeiture on the grounds that it constituted, or was derived from, proceeds of the Defendant's offenses, and the Defendant consented to the entry of orders of forfeiture for the Vehicle.  *Id*.

      8.      Finally, the Defendant also waived and released any claims he may have to any vehicles, currency, electronic devices, or other personal property seized by the United States, or seized by any state and local law enforcement agency, and turned over to the United States, during the investigation and prosecution of the instant criminal case, and consented to the forfeiture of all such assets.  *Id*. at 6.

      9.      In light of the Defendant's guilty plea and admissions in his written plea agreement, the United States has established the requisite nexus between the Vehicle and the offenses to which the Defendant pled guilty in Counts One and Six of the Indictment. Accordingly, the Vehicle is subject to forfeiture to the United States pursuant to 18 U.S.C § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, and the United States is now entitled to a Preliminary Order of Forfeiture against the Vehicle.

      10.      Upon the issuance of a Preliminary Order of Forfeiture, and pursuant to 28 U.S.C.

§ 2461(c), incorporating 21 U.S.C. § 853(n)(1), and Rule 32.2(b)(6)(C) of the Federal Rules of Criminal Procedure, the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture, notice of the United States' intent to dispose of the Vehicle, and notice that any person, other than the Defendant, having or claiming a legal interest in the Vehicle must file a petition with the Court within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier.

11. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Vehicle, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited Vehicle and any additional facts supporting the petitioner's claim and the relief sought.

12. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the Vehicle that is the subject of the Preliminary Order of Forfeiture as a substitute for published notice as to those persons so notified.

WHEREFORE, the United States requests that this Court:

(a) enter the Preliminary Order of Forfeiture in the form submitted herewith;

(b) include the forfeiture, as set forth in the Preliminary Order of Forfeiture, in the oral pronouncement of the Defendant's sentence;

(c) retain jurisdiction for the purpose of enforcing the forfeiture; and

(d) incorporate the Preliminary Order of Forfeiture in the criminal judgment entered against the Defendant, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4).

                Respectfully submitted,

                JOSHUA S. LEVY
                Acting United States Attorney,

By:   */s/ Alexandra W. Amrhein*
       PHILIP A. MALLARD
       ALEXANDRA W. AMRHEIN
       Assistant United States Attorneys
       United States Attorney's Office
       1 Courthouse Way, Suite 9200
       Boston, MA 02210
       (617) 748-3100

Date:  November 29, 2023       Alexandra.Amrhein@usdoj.gov