UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No.: 23-10127-LTS |
| ) | |
| 2. JOSE TORRES, ) | |
|    a/k/a "Goldy," a/k/a "Goldy Tech," ) | |
|       Defendant. ) | |

## PRELIMINARY ORDER OF FORFEITURE

**SOROKIN, D.J.**

WHEREAS, on May 3, 2023, a federal grand jury sitting in the District of Massachusetts returned a thirteen-count Indictment charging Jose Torres, a/k/a "Goldy," a/k/a "Goldy Tech," (the "Defendant"), and others, with Conspiracy to Transport Stolen Goods Valued Over $5,000 in Interstate or Foreign Commerce, in violation of 18 U.S.C. § 371 (Count One); Interstate Transportation of Stolen Goods Valued Over $5,000; Aiding and Abetting, in violation of 18 U.S.C. §§ 2314 and 2 (Count Six); and Money Laundering Conspiracy, in violation of 18 U.S.C. § 1956(h) (Count Seven);[1]

WHEREAS, the Indictment included a Forfeiture Allegation, which provided notice that the United States intended to seek forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and upon conviction of the Defendant of the offenses alleged in Counts One and Six of the Indictment, of any property, real or personal, which constitutes or is derived from proceeds traceable to the commission of the offenses;

---

[1] The Defendant was not charged in Counts Two through Five or Counts Eight through Thirteen of the Indictment.

WHEREAS, the property to be forfeited from the Defendant included, but was not limited to, the following asset:[2]

    a.      one Honda Civic race car belonging to Jose Torres;

WHEREAS, the Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, it is the intention of the United States, pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(p), to seek forfeiture of any other property of the Defendant, up to the value of such property;

WHEREAS, on May 17, 2023, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One, Six, and Seven of the Indictment, pursuant to a written plea agreement that he signed on May 9, 2023;

WHEREAS, in Section 6 of the written plea agreement, the Defendant understood that the Court will, upon acceptance of the Defendant's guilty plea, enter an order of forfeiture as part of the Defendant's sentence, and that the order of forfeiture may include assets directly traceable to the Defendant's offense, assets used to facilitate the Defendant's offense, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offense;

---

[2] Several additional properties were named as forfeitable in the Forfeiture Allegation; however, those properties are associated with a co-defendant in this case, and the United States does not seek to forfeit them from the Defendant in this action.

WHEREAS, pursuant to the terms of the written plea agreement, the asset to be forfeited specifically included, without limitation, the following:

a. a Honda Civic race-car known as "Goldy Tech," seized from 87 Oak Street, Springfield, MA (the "Vehicle");

WHEREAS, the Defendant admitted that the Vehicle is subject to forfeiture on the grounds that it constituted, or was derived from, proceeds of the Defendant's offenses, and the Defendant consented to the entry of orders of forfeiture for the Vehicle;

WHEREAS, finally, the Defendant also waived and released any claims he may have to any vehicles, currency, electronic devices, or other personal property seized by the United States, or seized by any state and local law enforcement agency, and turned over to the United States, during the investigation and prosecution of the instant criminal case, and consented to the forfeiture of all such assets;

WHEREAS, in light of the Defendant's guilty plea and admissions in his written plea agreement, the United States has established the requisite nexus between the Vehicle and the offenses to which the Defendant pled guilty in Counts One and Six of the Indictment, and accordingly, the Vehicle is subject to forfeiture to the United States pursuant to 18 U.S.C § 981(a)(1)(C) and 28 U.S.C. § 2461(c); and

WHEREAS, pursuant to 18 U.S.C § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Vehicle.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1. The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, that the United States has established the requisite nexus between the Vehicle and the

3

offense to which the Defendant pled guilty.

2.      The Court shall retain jurisdiction in this case for the purpose of enforcing this Order.

3.      Accordingly, all of the Defendant's interests in the Vehicle are hereby forfeited to the United States of America for disposition, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

4.      Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States is hereby authorized to seize the Vehicle and maintain it in its secure custody and control.

5.       Pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(n)(1), the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture and notice of the United States' intent to dispose of the Vehicle.

6.      Pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(n)(1), the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Vehicle to be forfeited.

7.      Pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(n)(2) and (3), the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Vehicle shall, within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Vehicle; and (b) that

the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Vehicle, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Vehicle, any additional facts supporting the petitioner's claim, and the relief sought.

8. Pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(n)(7), following the Court's disposition of all petitions filed under 21 U.S.C. § 853(n)(6), or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of such petitions, the United States of America shall have clear title to the Vehicle.

9. Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Rule 32.2(c) of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

10. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

_____
LEO T. SOROKIN
United States District Judge

Dated: _____